IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| CEDRIC TERRY, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 13-2950-STA-cgc |
| | ) | |
| MICHAEL DONAHUE, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS
(ECF No. 8)
ORDER DENYING PRO SE MOTION FOR STATE TO EXPAND THE RECORD
(ECF No. 10)
ORDER DENYING PRO SE MOTION DIRECTING RESPONDENT TO RESPOND
(ECF No. 12)
ORDER DENYING PRO SE MOTION FOR SUMMARY JUDGMENT
(ECF No. 13)
ORDER OF DISMISSAL
ORDER DENYING CERTIFICATE OF APPEALABILITY
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**
_____

On December 9, 2013, Petitioner Cedric Terry, Tennessee Department of Correction ("TDOC") prisoner number 264277, an inmate at the Hardeman County Correctional Facility ("HCCF") in Whiteville, Tennessee, filed a *pro se* petition pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Petitioner paid the habeas filing fee. (ECF No. 2.) The Court issued an order on January 9, 2014, directing Petitioner to file an amended petition on the official form within thirty days. (ECF No. 4.) On February 20, 2014, Respondent filed a Motion to Dismiss Petition for Failure to Prosecute due to Petitioner's failure to file his amended petition within the time specified. (ECF

No. 5.) Petitioner did not respond to this motion. He did, however, file an amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody on March 6, 2014. (ECF No. 6.) Because Petitioner complied with the Court's order, although the compliance was untimely, the Court excused the late filing and denied the Motion to Dismiss. (ECF No. 7.) The Court directed Respondent to respond to the amended habeas petition and file the state court record. (*Id.*) On April 9, Respondent filed the state court record and a Motion to Dismiss. (ECF Nos. 8-9.)

On May 21, 2014, Petitioner filed a Motion for Order Directing State to Expand the Record With Grand Jury Minutes. (ECF No. 10.) On May 22, 2014, Respondent filed a response to Petitioner's motion, opposing the relief sought. (ECF No. 11.) On October 1, 2014, Petitioner filed a Motion for Order Directing Respondent to File a Response to Amended Petition. (ECF No. 12.) On August 10, 2015, Petitioner filed a Motion for Summary Judgment. (ECF No. 13). On August 25, 2015, the Court granted Respondent's Motion (ECF No. 14) to Extend Deadline for Responding to Motion for Summary Judgment. (ECF No. 15.) Respondent's response deadline was stayed until after the Motion to Dismiss has been ruled on. (*Id.*)

For the reasons set forth below, Respondent's Motion to Dismiss is **GRANTED**, Petitioner's Motion to Expand the State Record is **DENIED**, Petitioner's Motion Directing Respondent to File a Response is **DENIED**, and Petitioner's Motion for Summary Judgment is **DENIED**.

I. STATE COURT PROCEDURAL HISTORY

Following a trial, a Shelby County Criminal Court jury convicted Petitioner of one count of first degree murder and two counts of attempted first degree murder.[1] He was sentenced to life

---

[1] *State v. Terry*, No. W1999-01568-CCA-R3-CD, 2001 Tenn. Crim. App. LEXIS 143, at *1 (Tenn. Crim. App. Feb. 23, 2001)

imprisonment for first degree murder and twenty years for each attempted first-degree-murder conviction.[2] The two twenty-year sentences run concurrently and consecutively to the life sentence.[3] The Tennessee Court of Criminal Appeals affirmed the convictions and sentences on February 23, 2001.[4] The Tennessee Supreme Court denied discretionary review on July 16, 2001.[5] Petitioner did not seek review from the United States Supreme Court.[6] The mandate issued on August 1, 2001.

Petitioner filed for state post-conviction relief on June 20, 2002.[7] The petition was denied, and the Tennessee Court of Criminal Appeals affirmed on January 31, 2008.[8] The Supreme Court of Tennessee denied discretionary review on June 30, 2008.[9]

## II. PETITIONER'S FEDERAL HABEAS CLAIMS

In his amended § 2254 petition, for his first two grounds, Petitioner contends that his post-conviction attorney, Juni S. Ganguli, provided ineffective assistance of counsel by failing to raise the claims that (1) the State failed to prove the element of premeditation so as to sustain a first degree murder conviction,[10] and (2) appellate counsel was ineffective for failing to raise in the Rule 11 application for permission to appeal to the Tennessee Supreme Court that the Court

---

[2] *Id.*

[3] *Id.*

[4] *Id.* at *2

[5] *Id.* (see Lexis "Subsequent History")

[6] D.E. 6 at 2

[7] *Terry v. State*, No. W2007-00536-CCA-R3-PC, 2008 Tenn. Crim. App. LEXIS 61, at *5 (Tenn. Crim. App. Jan. 31, 2008)

[8] *Id.* at *1

[9] *Terry v. State*, No. W2007-00536-SC-R11-PC, 2008 Tenn. LEXIS 454 (Tenn. June 30, 2008)

[10] ECF No. 6-1, PageID 59

of Criminal Appeals violated the Constitution by "constructing" the State's argument concerning the doctrine of "transferred intent," even though this doctrine was not raised by the State in its appellate brief.[11]

As his third ground for relief, Petitioner states that he was discriminated against by the State and his equal protection rights were violated when the State allowed Marcus King, his co-defendant, to plead guilty to a lesser charge.[12]

As his fourth ground for relief, Petitioner states that the decision of the Court of Criminal Appeals that the evidence was sufficient to sustain a conviction for first degree murder and attempted first degree murder was contrary to the decision in *Jackson v. Virginia*[13] and that cumulative errors violated his due process rights under the Fourteenth Amendment.[14]

Respondent contends that the petition filed on December 9, 2013, is time barred by the one year limitations period under 28 U.S.C. § 2244(d) and that Petitioner has failed to allege facts that would entitle him to equitable tolling of the limitations period.

### III. ANALYSIS

The statutory authority for federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). A federal court may grant habeas relief to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."[15]

---

[11] *Id.*, PageID 62

[12] *Id.*, PageID 66

[13] 443 U.S. 307 (1979)

[14] *Id.*, PageID 71

[15] 28 U.S.C. § 2254(a)

Twenty-eight U.S.C. § 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall begin to run from the latest of-

  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; and

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the present case, the Tennessee Supreme Court denied discretionary review of Petitioner's direct appeal on July 16, 2001. The judgment became final ninety-one[16] days later, on October 15, 2001, after expiration of the time for seeking review from the United States Supreme Court.[17] The limitations period ran for 248 days, until June 20, 2002, when Petitioner filed for state-post conviction relief. The limitations period tolled until the Supreme Court of

---

[16] The ninetieth day fell on a Sunday. Under Fed. R. App. P. 26(a)(3), time periods do not include a last day that falls on a Saturday, Sunday, or legal holiday.

[17] *See Payton v. Brigano*, 256 F.3d 405, 409 (6th Cir. 2001)

Tennessee denied discretionary review of state post-conviction proceedings on June 30, 2008.[18] The limitations period expired 119 days[19] later on October 27, 2008. Petitioner waited more than five years to file his habeas petition. Thus, the petition is time barred unless the doctrine of equitable tolling applies.

"[T]he doctrine of equitable tolling allows federal courts to toll a statute of limitations when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control."[20] The § 2254 limitations period is subject to equitable tolling.[21] "[T]he doctrine of equitable tolling is used sparingly by the federal courts."[22] "The party seeking equitable tolling bears the burden of proving he is entitled to it."[23] A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."[24]

Petitioner does not allege any circumstances justifying the application of equitable tolling. Ignorance of the law does not toll the limitations period, and Petitioner fails to demonstrate any circumstances beyond his control that would have interfered with a timely filing. To the contrary, he demonstrates a marked lack of diligence. Petitioner does not allege

---

[18] *See* 28 U.S.C. § 2244(d)(2)

[19] One year (365 days) minus 248 days while the limitations was tolled in state court left 117 days in which Petitioner could timely file his petition. The 117th day fell on a Saturday and, therefore, he had until the following Monday, the 119th day, to file his petition.

[20] *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005) (internal quotation marks omitted)

[21] *Holland v. Florida*, 560 U.S. 631, 645-49 (2010)

[22] *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *see also Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (same); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (same)

[23] *Robertson*, 624 F.3d at 784

[24] *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)

any concrete fact or circumstance that prevented him from filing a habeas petition under 28 U.S.C. § 2254 within one year of the Tennessee Supreme Court's denial of his application for permission to appeal the denial of post-conviction relief.[25]

To the extent that Petitioner attempts to make a claim of actual innocence based on the affidavit of Marcus King,[26] "a claim of actual innocence is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."[27] The actual innocence exception is very narrow in scope and requires proof of factual innocence, not just legal insufficiency.[28] In this case, Petitioner is asserting a freestanding actual innocence claim, that is, a claim of actual innocence that is not used to excuse the procedural default of another claim. Although the Supreme Court has suggested that it may recognize freestanding actual innocence claims in capital cases,[29] it has not done so in noncapital cases such as this one. Therefore, equitable tolling is not appropriate in this case. This petition is clearly barred by the statute of limitations.

Respondent's Motion to Dismiss the petition as time barred is **GRANTED**. (ECF No. 11.) The petition is **DISMISSED WITH PREJUDICE**. Petitioner's Motion for Order

---

[25] *Thomas v. Romanowski*, 362 F. App'x 452, 455 (6th Cir. 2010); *Harrison v. I.M.S.*, 56 F. App'x 682, 685-86 (6th Cir. 2003) (declining to apply equitable tolling when prisoner was ignorant of the filing deadline because, through his other contacts with the court, he "learned that his other documents he filed with the court had corresponding filing deadlines" and, therefore, he "knew or should have known that his application for a writ of habeas corpus also had a filing deadline"); *Miller v. Cason*, 49 F. App'x 495, 497 (6th Cir. 2002) ("Miller's lack of knowledge of the law does not excuse his failure to timely file a habeas corpus petition."); *Brown v. United States*, 20 F. App'x 373, 374 (6th Cir. 2001) ("Ignorance of the limitations period does not toll the limitations period.")

[26] ECF No. 13-1

[27] *Herrera v. Collins*, 506 U.S. 390, 404 (1993)

[28] *Bousley v. United States*, 523 U.S. 614, 623 (1998) ("It is important to note . . . that 'actual innocence' means factual innocence, not mere legal insufficiency.")

[29] S*ee Herrera*, 506 U.S. at 417

Directing the State to Expand the Record (ECF No. 10), Motion for Order Directing Respondent to File a Response (ECF No. 12), and Motion for Summary Judgment (ECF No. 13), are **DENIED** as moot. Judgment shall be entered for Respondent.

## IV. APPELLATE ISSUES

There is no absolute entitlement to appeal a district court's denial of a § 2254 petition.[30] The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner.[31] A petitioner may not take an appeal unless a circuit or district judge issues a COA.[32]

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing.[33] A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"[34] A COA does not require a showing that the appeal will succeed.[35] Courts should not issue a COA as a matter of course.[36]

---

[30] *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Bradley v. Birkett*, 156 F. App'x 771, 772 (6th Cir. 2005)

[31] Rule 11, Rules Governing Section 2254 Cases in the United States District Courts

[32] 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1)

[33] 28 U.S.C. §§ 2253(c)(2) & 3

[34] *Miller-El*, 537 U.S. at 336 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same)

[35] *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011) (same)

[36] *Bradley*, 156 F. App'x at 773 (quoting *Slack*, 537 U.S. at 337)

In this case, there can be no question that the claims in this petition are barred by the statute of limitations. Because any appeal by Petitioner on the issues raised in this petition does not deserve attention, the Court **DENIES** a certificate of appealability.

For the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal *in forma pauperis* is **DENIED**.[37]

**IT IS SO ORDERED.**

        **s/ S. Thomas Anderson**
        S. THOMAS ANDERSON
        UNITED STATES DISTRICT JUDGE

        Date: September 28, 2015.

---

[37] If Petitioner files a notice of appeal, he must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days of the date of entry of this order. *See* Fed. R. App. P. 24(a)(5).